UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOMINQUE SIMPSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:21-cv-00154-JPH-MJD ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Dominque Simpson filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. He contends that he is entitled to credit for time he spent in federal custody before judgment was entered. Dkt. 1. Because Mr. Simpson received credit on his state sentence for the time spent in federal custody, he is not entitled to credit on his federal sentence. His petition is therefore **denied**.

**I. Factual and Procedural Background**

In June 2017, while on parole for a Missouri state criminal conviction, Mr. Simpson was arrested for illegal possession of a firearm. Dkt. 7-1 at 6. The next month, the State of Missouri issued a detainer for a parole revocation and Mr. Simpson was held in state custody. *Id.*

In September 2017, a federal grand jury returned an indictment against Mr. Simpson, and since Mr. Simpson was in state custody, the federal court issued a Writ of Habeas Corpus ad Prosequendum so that Mr. Simpson could be prosecuted in federal court. Dkt. 7-2 at 3-4. Mr. Simpson pleaded guilty to the federal criminal charge in March 2018 and was sentenced to 46 months' imprisonment in June 2018. *Id.* at 8. The Judgment specified that Mr. Simpson's sentence

1

"shall run consecutive to any parole revocation that may be imposed" in Missouri state court. *United States v. Simpson*, 4:17-cr-00403-HEA-1, dkt. 49 at 2 (E.D. Mo. June 13, 2018).

In June 2020, Mr. Simpson filed a motion to amend the judgment requesting "that if it was the Court's intention that the defendant receive credit for the time he spent in custody toward his federal sentence that the Court amend its judgment to account for this time or run the sentence concurrent to the State parole matter." *See* dkt. 7-1 at 21-23. The sentencing court denied the motion finding that "the language of the judgment is unambiguous." Dkt. 7-2 at 9.

Mr. Simpson filed his petition for a writ of habeas corpus under § 2241 in this Court in March 2021. Dkt. 1. He contends that he is entitled to credit toward his federal sentence for the time he spent in federal custody from September 11, 2017, to July 19, 2018. *Id.* The respondent contends that the § 2241 petition should be dismissed because Mr. Simpson did not exhaust his administrative remedies and, alternatively, that it should be denied because Mr. Simpson received credit against his state sentence for the period of pretrial federal custody under the Writ of Habeas Corpus ad Prosequendum. Dkt. 7. Mr. Simpson did not file a reply.

## II. Analysis

An inmate may challenge the BOP's computation of his sentence under § 2241 after exhausting his administrative remedies. *United States v. Scott*, 775 F. App'x 252, 253 (7th Cir. 2019) ("A petition for a writ of habeas corpus [under § 2241] is the right way to contest the Bureau of Prisons's calculation of the time remaining on a federal sentence."); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). While Mr. Simpson did not complete all levels of the administrative remedy process until May 2021, *see* dkt. 7-1 at 2, the Court exercises its discretion to address his claim on the merits. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1015 (7th Cir. 2004) (explaining

2

that the exhaustion requirement for § 2241 petitions is "judicially created" and is therefore "discretionary").

Mr. Simpson seeks credit against his federal sentence for the time he was in federal custody before he was sentenced—September 11, 2017, to July 19, 2018. Dkt. 1 at 1. The Bureau of Prisons is responsible for calculating credit for pretrial confinement. *United States v. Walker*, 917 F.3d 989, 993 (7th Cir. 2019); *see* 18 U.S.C. § 3585(b). The BOP computes credit for time served under 18 U.S.C. § 3585(b). That statute prohibits "double counting," that is, giving a prisoner credit for a period of custody that has already been credited against another sentence. Specifically, section 3585(b) directs that a defendant receives prior custody credit, or jail time credit, "for any time spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; (3) *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). So by its plain language, "[section] 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000); *see Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (holding that the "BOP lawfully refused to credit time" that had been credited toward an Illinois sentence).

Here, the respondent has submitted evidence that Mr. Simpson received credit towards his state parole-revocation sentence for the period from June 19, 2017, through February 25, 2019, which encompasses the time Mr. Simpson claims should be credited toward his federal sentence. *See* dkt. 7-1 at 6-8. Mr. Simpson has not designated any contrary evidence. Because Mr. Simpson received credit toward his state sentence, 18 U.S.C. § 3585(b) does not allow him to receive credit

3

for that time toward his federal sentence.[1] *Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015); *Taylor v. Lariva*, 638 Fed. App'x 539, 542 (7th Cir. 2016) ("Because Taylor's time in state custody from January 1997 through September 2001 was credited toward his state sentence, the BOP could not credit it toward his federal sentence.").

In his petition, Mr. Simpson also cites *Banks v. Krueger*, No. 2:17-cv-294-TWP-DLP, 2018 WL 2335836 (S.D. Ind. May 23, 2018), and requests credit time through a "nunc pro tunc designation." Dkt. 1 at 1–2.  This apparently requests an order requiring the BOP to "retroactively designate a non-federal facility as [Mr. Simpson's] place of incarceration, which in practical terms would allow individuals . . . to have their state sentence be credit toward their federal sentence." *Banks*, 2018 WL 2335836 at *2. But that designation is not allowed here under 18 U.S.C. § 3621(b) because Mr. Simpson's federal sentence was ordered to run consecutively from his state parole-revocation sentence. *United States v. Herman*, 884 F.3d 705, 706 (7th Cir. 2018) ("Federal district courts are empowered to order that a federal sentence run concurrently [or consecutively] with a state sentence not yet imposed. . . . Such an order is binding on the Bureau of Prisons.").

Mr. Simpson has failed to demonstrate any error in the calculation of his sentence by the BOP, so his petition for a writ of habeas corpus must be denied.

### III. Conclusion

For the foregoing reasons, Mr. Simpson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **denied**. Judgment consistent with this Order shall now issue.

---

[1] Under § 3585(b), this is true regardless of whether he was in primary state custody or in primary federal custody under the federal judge's writ of habeas corpus ad prosequendum. *See Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989) (A writ of habeas corpus ad prosequendum allows the federal government "to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute, and sentence such prisoner.").

**SO ORDERED.**

Date: 12/1/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOMINQUE SIMPSON
46995-044
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov